# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

S. GAIL MORRIS,

    **Plaintiff,**

v.                                        Case No. 3:18-cv-00063

COMMUNICATIONS CORPORATION
OF AMERICA, INC.,

    **Defendant.**

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT

COMES NOW Defendant Communications Corporation of America, Inc. ("Defendant"), by and through its counsel, and files its Answer and Affirmative and Other Defenses to the Complaint filed by Plaintiff S. Gail Morris (Plaintiff or "Morris"), and states as follows:

## NATURE OF THE ACTION

1. Defendant denies it engaged in any violations of federal or state law and that Plaintiff is entitled to any relief whatsoever, including but not limited to any injunctive relief, compensatory, pecuniary, or punitive damages, costs and attorney's fees or any other relief, at law or equity. Defendant admits that Plaintiff seeks relief and that she filed this action under the Americans with Disabilities Act, as amended (ADA). Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

2. Defendant admits that Plaintiff is a former managerial employee who worked with Defendant for about twenty-two years. Defendant admits that Plaintiff is married to Plaintiff Santa Marie Via ("Plaintiff Via") and that Plaintiff separated from employment with

Defendant during the time that Plaintiff Via was pursuing claims against Defendant. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant denies that this Court has subject matter jurisdiction over this matter as alleged under 28 U.S.C. §1331, 42 U.S.C. §12117(a), and 42 U.S.C. §2000e-5(f)(3).

5. Defendant denies that personal jurisdiction is proper in this matter because the Court lacks subject matter jurisdiction as stated in Paragraph 4 above.

6. Defendant admits that venue is proper in this jurisdiction but it denies that it is because personal jurisdiction exists in this matter as alleged in Paragraph 6 of the Complaint.

## CONDITIONS PRECEDENT

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

## FACTS

8. Defendant admits it sent Plaintiff Via a registered letter dated May 12, 2016 terminating Plaintiff Via's employment and that the letter speaks for itself. Defendant has insufficient information and knowledge to either admit or deny when Plaintiff received the registered letter and as such, denies same. Defendant denies any remaining allegation in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint regarding the fact Plaintiff Via filed a charge of discrimination on or about October 25, 2016 and the allegations contained therein but it denies it engaged in any wrongful act or that it violated the law in any way.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff managed four different crews working 24 hours per day, six days a week with Sunday for overtime. Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

15. Defendant has insufficient knowledge to either admit or deny the allegations in Paragraph 15 of the Complaint and, as such, denies same.

16. Defendant has insufficient knowledge to either admit or deny the allegations in Paragraph 16 of the Complaint and, as such, denes same.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint and states that Mr. Yrupailla already had called 911.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that Morris called Mitzi Mills, CCA's Director of Production on the evening of the fire and Defendant states that Ms. Mills already was aware of the fire. Defendant denies any remaining allegations in Paragraph 21 of the Complaint.

22. Defendant admits that Morris called Ms. Mills and said she was on her way to the facility and hung up. Defendant states Ms. Mills already knew about the fire. Defendant denies any remaining allegations in Paragraph 22 of the Complaint.

23. Defendant has insufficient information to either admit or deny when exactly Morris arrived at the fire and as such, denies same. Defendant states that Ms. Mills and her husband, Nathan See, were already on-site, when Morris arrived. Defendant admits that Mr. See

was a full-time employee who worked on repair and maintenance at the CCA facility. Defendant denies any remaining allegations in Paragraph 23 of the Complaint.

24. Defendant admits the allegations in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant admits that the CCA facility did not have a sprinkler system. Defendant has insufficient information to either admit or deny the allegations regarding what may have surprised Morris and as such, denies same. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant admits that when Mr. Yrupailla saw flames through the window, he attempted to use a fire extinguisher on the ceiling to put it out and when he realized the flame was too big to put out, he exited the building. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant admits the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that on or about Sunday morning, August 27, 2017, Ms. Drumgoole and Ms. Mills informed Mr. Fisher of the fire and its extent. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant admits the allegations in Paragraph 36 of the Complaint.

37. Defendant admits the allegations in Paragraph 37 of the Complaint.

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant has insufficient information to either admit or deny the allegations in Paragraph 40 of the Complaint except to say that there is a general store called the Boston General Store which is near the U.S. Post Office in Boston, Virginia, and as such, Defendant denies same.

41. Defendant admits that Steve Fisher went into the General Store probably wearing a shirt and tie and slacks and that he went to the counter and ordered breakfast with one of the owners who was behind the counter. Defendant denies any remaining allegations in Paragraph 41 of the Complaint.

42. Defendant admits that after ordering breakfast the owners and Steve Fisher talked about the fire that had occurred on Saturday, August 26, 2017 at CCA in Boston. Defendant denies any remaining allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant has insufficient information to either admit or deny the allegations in Paragraph 45 and, as such, denies same.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant has insufficient information to either admit or deny the allegations in Paragraph 48 and, as such, denies same.

49. Defendant has insufficient information to either admit or deny the allegations in Paragraph 49 and, as such, denies same.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant has insufficient information to either admit or deny the allegations in Paragraph 51 of the Complaint and, as such, denies same.

52. Defendant admits that Fisher could have made the statements in Paragraph 52 of the Complaint. Defendant denies any remaining allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant admits that on Monday, August 28, 2017, the Rappahannock News reported on the fire. Defendant states that the article speaks for itself so no further response is required for Paragraph 54 of the Complaint.

55. Defendant admits that approximately 200 employees were laid off from CCA on September 1, 2017 and Morris was one of these employees. Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56. Defendant admits that Morris was one of two managers laid off after the fire at CCA on August 26, 2017. Defendant denies any remaining allegations in Paragraph 56 of the Complaint.

57. Defendant denies that it knew Morris's lay off would cause continued financial and emotional hardship to Plaintiff Via, instead, Defendant admits that they understood Morris already had other employment. Defendant denies any remaining allegations in Paragraph 57 of the Complaint.

58. Defendant admits it received a charge of discrimination filed by Morris dated March 18, 2018 that stated "no action required at this time" and which checked the box of "disability." Defendant denies any remaining allegations in Paragraph 58 of the Complaint.

59. Defendant admits that it received a Notice of Right to Sue regarding Morris's EEOC charge of discrimination dated May 3, 2018 stating the EEOC was terminating its investigation and 180 days had not passed since the filing of the charge. Defendant has insufficient information to either admit or deny when Morris received this Notice of Right to Sue.

60. Defendant incorporates its responses to the preceding numbered paragraphs as if fully set forth herein.

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is necessary. To the extent as response is required, Defendant denies same.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraphs 64 of the Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever, including specifically any relief requested in Paragraphs (a), (b) and (c) and (c) [sic] in the WHEREFORE clause on page 9 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including what is requested in this Complaint, including but not limited to, reinstatement, back pay, compensatory damages, punitive damages, front pay, lost fringe benefits, lost raises, damages for mental anguish and humiliation, any judgment, costs, attorneys' fees, interest, expert fees or costs, or any other equitable or legal relief whatsoever.

Any allegation not specifically admitted is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has failed to exhaust her administrative remedies.

2. Plaintiff has failed to a state claim upon which relief may be granted.

3. This Court does not have subject matter jurisdiction over Plaintiff's Complaint.

4. Plaintiff has failed to mitigate her damages.

5. Plaintiff cannot prove she is entitled to punitive damages under any legal theory alleged herein and punitive damages under the ADA are governed by 42 U.S.C. § 1981a(b) and 42 U.S.C. § 1981a(a)(2) and as such, they are not permitted under the ADA.

6. All of Defendant's actions with respect to Plaintiff were taken for legitimate, good-faith business reasons and without any discriminatory or retaliatory motive whatsoever.

7. Plaintiff cannot prove she was retaliated against.

8. Plaintiff cannot prove Defendant acted with malice.

9. Plaintiff's claims are barred by estoppel and unclean hands.

Defendant reserves the right to amend this Answer and to add such additional and further defenses as the facts of this case develop through the trial of this matter.

WHEREFORE, Defendant Communications Corporation of America, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint.

COMMUNICATIONS CORPORATION OF
AMERICA, INC.

    /s/ Susan Childers North
Susan Childers North, Esquire (VSB No. 43068)
Gregory Bean, Esquire (VSB No. 80119)
LeClairRyan, A Professional Corporation
5425 Discovery Park Boulevard, Suite 200
Williamsburg, VA 23188
Telephone: (757) 941-2801

Facsimile: (757) 941-2879
Email: susan.north@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2018, I electronically filed the foregoing Answer and Affirmative and Other Defenses to Complaint with the Clerk of Court via the CM/ECF System, which will send electronic notification to the following:

Robert O. Wilson, Esquire
2 South Main Street, Suite 409
Harrisonburg, VA 22802
Telephone: (540) 430-0122
Email: robert@thewilsonlaw.com
*Counsel for Plaintiff*

/s/ Susan Childers North
Susan Childers North, Esq. (VSB No. 43068)
LeClairRyan, A Professional Corporation
5425 Discovery Park Boulevard, Suite 200
Williamsburg, VA 23188
Telephone: (757) 941-2801
Facsimile: (757) 941-2879
Email: susan.north@leclairryan.com

*Counsel for Defendant Communications Corporation of America, Inc.*

#905572343 v1